OPINION
{¶ 1} Appellant Southwest Recreational Industries, Inc. appeals the July 1, 2003 Judgment Entry of the Stark County Court of Common Pleas denying their motion to intervene. Appellee is Henry Julicher.
 STATEMENT OF THE CASE {¶ 2} This case originated as a judicial dissolution of an Ohio Corporation known as Safturf International Limited ("Safturf"). The original action for judicial dissolution was filed on June 9, 1999. On March 31, 2000, after a full hearing and the presentation of testimony and evidence, the trial court, via judgment entry, ordered the sale of the assets and debts of Safturf at auction on April 14, 2000. On May 9, 2000, the trial court entered judgment disposing of the assets including assets owned by appellant Dan Daluise.
 {¶ 3} On appeal, this Court reversed and remanded the March 31, 2000 Judgment Entry finding the trial court did not have jurisdiction to adjudicate the property interest of Dan Daluise as he was not properly served with the complaint. Lioi v.Safturf Int. Ltd., Inc., June 25, 2001, Stark App. No. 2000CA00333, 2000CA00368.
 {¶ 4} On March 20, 2003, following this Court's prior decision, appellant Southwest filed a motion to intervene in the trial court, as of right, pursuant to Rule 24(A)(2) of the Ohio Rules of Civil Procedure. Southwest claims an interest in one of the assets of Safturf, namely the "645 Patent."[1] The trial court initially granted Southwest's motion. However, appellee Henry Julicher filed a motion to vacate and to strike the intervening complaint. On July 1, 2003, the trial court granted the motion to strike the intervening complaint, vacating its prior decision, and denying the motion to intervene by appellant Daluise.
 {¶ 5} Southwest now appeals the July 1, 2003 Judgment Entry of the trial court assigning the following as error:
 {¶ 6} "I. The trial court erred as a matter of law and further abused its discretion in striking the intervening complaint of appellant southwest recreational industries, inc., and in further denying the motion to intervene filed on behalf of southwest recreational industries, inc.
 {¶ 7} "II. The trial court erred as a matter of law and further abused its discretion in overruling the motion to intervene filed on behalf of appellant daluise, and in further overruling the motions of anne piero silagy, trustee in bankruptcy, to amend the complaint to add daluise as a defendant and to set aside the prior sale of safturf assets."
 II {¶ 8} We begin with appellant Southwest's second assignment of error. Although he filed a Notice of Appeal, appellant Dan Daluise did not file an appellant's brief with this court. Southwest does not have standing to assert the arguments of Daluise. Therefore, we decline to consider any of the arguments made by Southwest as they relate to appellant Daluise. Accordingly, the second assignment of error is overruled.
 I {¶ 9} In the first assignment of error, Southwest argues the trial court erred in striking their intervening complaint and denying their motion to intervene. We disagree.
 {¶ 10} In reviewing the trial court's denial of a motion to intervene, we apply an abuse of discretion standard. JamestownVillage Condominium Owners Assn. v. Market Media Research, Inc.
(1994), 96 Ohio App.3d 678, 694. Abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. It is based upon this standard we review Southwest's assignment of error.
 {¶ 11} Pursuant to Civ. R. 24(A), the following elements must be met before a party may intervene: (1) the intervenor must claim an interest relating to the property or transaction that is the subject of the action; (2) the intervenor must be so situated that the disposition of the action may, as a practical matter, impair or impede the intervenor's ability to protect his or her interest; (3) the intervenor must demonstrate that his or her interest is not adequately represented by the existing parties; and (4) the motion to intervene must be timely.
 {¶ 12} As noted above, the initial judicial dissolution action was filed on June 9, 1999. The trial court then ordered the sale of the assets of Safturf on April 14, 2000. The trial court, via Judgment Entry of May 9, 2000, disposed of the assets.
 {¶ 13} Southwest did not file their motion to intervene until March 20, 2003, more than three years after the initiation of the action.
 {¶ 14} Southwest's March 20, 2003 motion to intervene states:
 {¶ 15} ". . . Southwest did not have notice of this action until after the assets held by Safturf were auctioned and distributed the first time in April and May of the year 2000."
 {¶ 16} Based upon the above, Southwest acknowledges it had notice of the proceedings after May of 2000, three years before filing their motion to intervene. The trial court would not abuse its discretion in denying Southwest's motion to intervene on the basis of this factor standing alone.
 {¶ 17} For the foregoing reason, we find the trial court did not abuse its discretion in denying appellant Southwest's motion to intervene. The trial court's judgment was not arbitrary, unconscionable or unreasonable.
 {¶ 18} The July 1, 2003 Judgment Entry of the Stark County Court of Common Pleas is affirmed.
Hoffman, J., Gwin, P.J. and Farmer, J. concur.
 JUDGMENT ENTRY
For the reason stated in our accompanying Memorandum-Opinion, the July 1, 2003 Judgment Entry of the Stark County Court of Common Pleas is affirmed.
[1] We note Daluise did not contest the trial court's decision and disposition with regard to the "645 patent" on appeal. Also this Court's prior decision did not set aside the corporate dissolution or the disposition of the other remaining assets not at issue on appeal, including the 645 patent.